**Walter L. MCINTOSH, Plaintiff–Appellant,**

v.

**Frederic M. PIERCE, Michael C. Ches-lock, BSB Financial Services, Invest Financial Corporation and BSB Bank & Trust Company, Defendants–Appellees.**

No. 03–7063.

United States Court of Appeals, Second Circuit.

Sept. 23, 2003.

Paul T. Sheppard, Hinman, Howard & Kattell, LLP, Binghamton, NY, for Defendant–Appellees BSB Financial Services and BSB Bank & Trust Co.

Luigi Spadafora, Winget, Spadafora & Schwartzberg, LLP, New York, NY, for Defendant–Appellees Pierce, Cheslock, and Invest Financial Corporation.

Present: POOLER, SACK, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

In August 2002, Walter L. McIntosh filed a pro se complaint against Frederic M. Pierce, Michael C. Cheslock, BSB Bank & Trust, BSB Financial Services, and Invest Financial Corporation (collectively, the appellees), alleging that the court had subject matter jurisdiction pursuant to the federal diversity statute, 28 U.S.C. § 1332. McIntosh alleged that he lived in Norwich, New York, Invest Financial's principal place of business was in Tampa, Florida, and the other defendants are "located" in Binghamton, New York. He asserted claims of negligence, malpractice, breach of contract, and fraud.

The district court noted that it lacked jurisdiction based on the facts pleaded by McIntosh, since these facts did not establish complete diversity. It also considered whether federal question jurisdiction was appropriate, but found that only state law claims were presented. The court instructed that the action would be dismissed if the plaintiff did not file an amended complaint curing the jurisdictional problem within thirty days. The plaintiff did file an amended complaint, but did not fix the jurisdictional failing. Accordingly, the court dismissed the action.

McIntosh appealed the court's decision. He asserts that 1) the district court erred in dismissing the action because the defendants did not appear before the district court; 2) the district court had a bias or prejudice in favor of the defendants; and 3) the district court denied him his right to a fair trial. The appellees assert that dismissal was appropriate given the lack of subject matter jurisdiction.

We agree that the court lacked subject matter jurisdiction. The court correctly determined that the complaint did not allege facts showing complete diversity. *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir.1996). It is true that McIntosh's complaint was not entirely clear in alleging citizenship, rather than residency or location. However, nothing in the pleadings or record suggests citizenship affiliations that would support complete diversity.

Even construing the pro se complaint liberally, *see Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir.2002), we cannot discern any other basis for invoking federal jurisdiction. Portions of the facts pleaded may suggest a possible claim under the federal securities laws. However, given the heightened pleading standards under the Private Securities Litigation Reform Act ("PSLRA"), McIntosh did not sufficiently plead the circumstances constituting fraud. *See* 15 U.S.C. § 78u–4(b)(1) ("[T]he complaint shall specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading....") Given the requirements of the PSLRA, and the deficiencies in McIntosh's complaint, even our liberal approach to pro se pleadings will not assist him.

We have considered all other arguments raised in McIntosh's brief and find them to be without merit. In addition, we have considered McIntosh's reply brief, which was filed out of time, and find that it does not change our analysis. We therefore affirm.[1]

---

1. We note that McIntosh may be able to pursue his claims in state court.